[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO COMPEL
The defendants, Tracy-Driscoll Company, Inc., Janice L. Mulligan, AdamowiczVaillancourt Agency and Fred Denote, have moved to compel the production of files previously in the possession of the plaintiffs' former attorney, Jacob Wieselman. The plaintiffs have objected to the Motion to Compel on the ground that it seeks documents protected by the attorney-client privilege.
After hearing the court finds that by Notice of Deposition and Subpoena Duces Tecurn dated February 21, 2000 the defendants requested Jacob Weiselman, the plaintiffs' former attorney, to produce all of his files relating to the plaintiffs. Prior to a hearing on whether or not the plaintiffs had waived the attorney-client privilege with respect to those files, Attorney Weiselman released the files to Doris Aiken Ford, one of the plaintiffs. Thereafter, the plaintiffs' new attorney, Martin Philpot, acknowledged that he had received all of the files.
In this action, which has been pending since 1995, the plaintiffs allege various claims arising from damages and losses to building in Hartford. The gravamen of the complaint is that the plaintiffs were not compensated by the defendant Worcester Insurance Company for those damages and losses. Sometime after this suit was filed Capitol Housing Finance Corporation ("CHFC") commenced an investigation into the plaintiffs' use of more than $800,000 in housing rehabilitation loans it had made to the plaintiffs over the course of many years. The catalyst for the investigation was apparently the public revelation that Arthur T. Anderson, manager of CHFC, had engaged in a personal relationship with Ms. Ford.
On February 10, 1999 and on several dates thereafter, Attorney Weiselman, in the presence of and with the consent of Ms. Ford, allowed CHFC's attorney, Donald Frechette, to have complete access to inspect and copy the contents of all files which related to Attorney Weiselman's representation of the plaintiffs. The court finds that Ms. Ford knowingly waived the attorney-client privilege on behalf of all of the plaintiffs CT Page 14812 with respect to CHFC.
The defendants contend that Ms. Ford's waiver of the privilege as to CHFC, who was a defendant in this suit at the time of the waiver, constituted a waiver as to all other defendants in the lawsuit. The court does not agree.
"In Connecticut, the attorney-client privilege protects both the confidential giving of professional advice by an attorney acting in the capacity of a legal advisor to those who can act on it. as well as the giving of information to the lawyer to enable counsel to give sound and informed advice." Metropolitan Life Ins. Co. v. Aetna Casualty SuretyCo., 249 Conn. 36. 52, 730 A.2d 51 (1999) The privilege fosters "`full and frank communications between attorneys and their clients and thereby promote[s] the broader public interests in the observation of law and [the] administration of justice.'" Id., quoting Upjohn Co. v. UnitedStates, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981). As a general rule, "[c]ommunications between client and attorney are privileged when made in confidence for the purpose of seeking legal advice." State v. Gordon, 197 Conn. 413, 423, 504 A.2d 1020 (1985). "A communication from attorney to client solely regarding a matter of fact would not ordinarily be privileged, unless it were shown to be inextricably linked to the giving of legal advice." Ullmann v. State,230 Conn. 698, 713, 647 A.2d 324 (1994).
The United States Supreme court has defined waiver as "an intentional relinquishment or abandonment of a known right or privilege." Johnson v.Zerbst, 304 U.S. 458, 464 (1938). Generally, the attorney-client privilege is waived when the client knowingly divulges privileged information to a third party. However, where the client is compelled by contract or statute to divulge the information, the disclosure may be deemed to be sufficiently involuntary to waive the attorney-client privilege. In Metropolitan Life Ins. Co. v. Aetna Casualty Surety Co., supra, at 62-63, the Court held that the plaintiff had not waived the attorney-client privilege as to the defendant excess liability insurance carriers by providing certain privileged material to the primary liability carrier. In Metropolitan a cooperation clause in an insurance contract required the plaintiffs disclosure of the privileged documents and the disclosure was, therefore, not deemed to be completely voluntary. There is no such clause in this case. However, Ms. Ford's disclosure of privileged materials to CHFC in an effort to cooperate with its investigation cannot be deemed to be an intentional relinquishment of the attorney-client privilege with respect to the other defendants.
The defendants have attached a list of the title of all of the files which are presently in Attorney Philpot's possession. It is probable that CT Page 14813 many of those files contain documents which are not covered by the attorney-client privilege because they do not constitute "[c]ommunications between client and attorney. . . . made in confidence for the purpose of seeking legal advice."
The memoranda of the parties only address the documents protected by the attorney-client privilege. The plaintiffs have not asserted the attorney-work product privilege nor have they raised any other objection in response to the Motion to Compel, and cannot do so at this late date. Therefore, it is hereby
ORDERED:
Within 30 days from the date hereof, the plaintiffs shall make available to the defendants for inspection and/or copying all documents from the files of Attorney Weiselman which do not constitute "[c]ommunications between client and attorney. . . . made in confidence for the purpose of seeking legal advice," and are, therefore, not protected by the attorney-client privilege.
By the court,
Aurigemma, J.